## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

STANLEY IROEGBU,

     Plaintiff,

     v.

TOWN OF RIVERDALE PARK,
MARYLAND, *et al.*,

     Defendants.

Civil Action No. TDC-13-3593

### MEMORANDUM OPINION

Presently pending and ready for review in this 42 U.S.C. § 1983 civil rights case is Defendants' Motion to Dismiss for Failure to Participate in Discovery, ECF No. 22. The Court has reviewed the Motion and heard oral argument on October 9, 2014. For the reasons outlined below, the motion is GRANTED and the case is DISMISSED with prejudice.

### BACKGROUND

On December 4, 2013, Plaintiff Stanley Iroegbu ("Iroegbu") filed a complaint, through his attorney, against the Town of Riverdale Park and two of its police officers, Patrolman First Class ("PFC") Blanco and Sergeant Slattery. He alleged that, while arresting him on April 14, 2012, the officers unlawfully detained him and used excessive force in violation of 42 U.S.C. § 1983 ("§ 1983"). *See* Compl. ¶¶ 36-50, ECF No. 1. He also alleged that the Town of Riverdale Park was liable for unlawful detention and excessive force under § 1983 on the theory that the police force had a pattern and practice of such conduct. *See id.* ¶¶ 51-54. Lastly, he alleged that all Defendants were liable for malicious prosecution in violation of § 1983, a claim he later voluntarily dismissed. *See id.* ¶¶ 55-61. On January 27, 2014, Iroegbu voluntarily dismissed his

claims against the Town of Riverdale Park. Notice, ECF No. 7. On March 6, 2014, the Court

(Titus, J.) issued a Scheduling Order setting July 21, 2014 as the date for the close of discovery.

ECF No. 13.

On March 10, 2014, Defendants submitted their initial discovery requests. Memo.

Support Mot. Dismiss at 2, ECF No. 22-1. On April 23, 2014, Iroegbu's attorney submitted

objections and responses. Notice, ECF No. 16. On April 29, 2014, defense counsel, in an email

to Iroegbu's attorney, objected to the responses as unexecuted and incomplete. Mot. Dismiss,

Ex. A, ECF No. 22-2. In particular, defense counsel noted that although Iroegbu was claiming

he was injured as a result of the officers' alleged excessive force, he had failed to provide the

requested medical information and records detailing those injuries. *Id.*

Meanwhile, the relationship between Iroegbu and his attorney was beginning to sour. On

April 15, 2014, Iroegbu's counsel sent Iroegbu a bill for $3,647.97, consisting of $3,000.00 as a

retainer for upcoming discovery expenses and $647.97 for expenses already incurred. Mot.

Withdraw, Ex. A, ECF No. 18-1. Iroegbu's counsel set a deadline of May 1, 2014 for Iroegbu to

pay the retainer, a deadline Iroegbu missed. *Id.*, Mot. Withdraw ¶¶ 14-15, ECF No. 18. On May

12, 2014, Iroegbu discharged his counsel. Mot. Withdraw ¶ 21. Accordingly, on May 19, 2014,

his counsel filed a Motion to Withdraw as Attorney, ECF No. 18, which the Court granted on

June 6, 2014, ECF No. 19. That same day, the Court issued a Letter Order to Iroegbu informing

him that the Motion to Withdraw had been granted and strongly recommending that he retain

counsel. ECF No. 20.

Since the withdrawal of his counsel, Iroegbu has not engaged in discovery. Memo.

Support Mot. Dismiss at 2, ECF No. 22-1. On June 10, 2014, defense counsel forwarded to

Iroegbu a copy of the April 29, 2014 letter objecting to the discovery responses and asked

2

Iroegbu to address the deficiencies; Iroegbu did not respond. *Id.* at 4; Ex. C, ECF No. 22-4. On June 23, 2014, defense counsel sent a second letter asking Iroegbu to respond to Defendants' discovery requests; Iroegbu did not respond. *Id.* at 4; Ex. D, ECF No. 22-5. On July 3, 2014, defense counsel sent a third letter to Iroegbu requesting that Iroegbu "promptly" respond, and informing Irogebu that if he did not respond, defense counsel would "have no choice but to file the appropriate motion with the court." Iroegbu again did not respond. *Id.* at 4; Ex. E, ECF No. 22-6.

On July 17, 2014, the date set for the close of discovery, Defendants submitted their status report, as required by the Scheduling Order, in which they indicated that discovery had not progressed because Iroegbu had not responded to any of their communications. ECF No. 21. Iroegbu did not file a status report. However, on July 28, 2014, Iroegbu left a voicemail for defense counsel indicating that "he did not know why defense counsel was writing to him, that he did not know anything about the underlying occurrence, and that he did not want to receive any additional communications from [defense counsel]." Memo. Support Mot. Dismiss at 4.

On August 1, 2014, Defendants filed the pending Motion to Dismiss for Failure to Participate in Discovery. ECF No. 22.   That same day, the Clerk of the Court mailed Iroegbu a "Rule 12/56" letter informing him that the motion was pending, detailing the proper procedure for him to respond to the motion, explaining that the deadline for his response was 17 days from the date of the letter, and cautioning him that if he "d[id] not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice." ECF No. 23. Iroegbu did not submit a response.

On September 24, 2014, the Court issued a Notice informing the parties that a hearing was scheduled in this case for October 9, 2014 at 10:30 a.m. and cautioning Iroegbu that "his

failure to appear at this hearing may result in dismissal of his case." ECF No. 24. Iroegbu did not appear at the hearing. Accordingly, that same day, the Court issued an Order instructing Iroegbu to show cause by October 24, 2014 for his failure to attend the hearing and to participate in discovery and informing him that if he failed to do so, his case would be dismissed with prejudice. ECF No. 27. That deadline has passed and Iroegbu has yet to submit anything to the Court.

## DISCUSSION

Defendants ask the Court to dismiss this case based on Iroegbu's failure to participate in discovery. Specifically, they ask this Court to dismiss this case pursuant either to Federal Rule of Civil Procedure 37(d) (governing discovery) or 41(b) (governing involuntary dismissal in general). As a threshold matter, because Defendants' motion is based on Iroegbu's behavior in discovery, this Court must consider it only under Rule 37, not Rule 41. In *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958), the Supreme Court explained that "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery." *Id.* at 207. There was, the Court continued, "no need to resort" to Rule 41, which "lacks [the] specific references to discovery" present in Rule 37. *Id. Societe Internationale* thus instructs courts to rely on the federal rule most tailored to the circumstances under consideration. Accordingly, because the Motion under consideration involves discovery, the Court considers it only pursuant to Rule 37.

Pursuant to Rule 37(d), courts may impose sanctions on a party who fails to respond to interrogatories. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii). Such sanctions include dismissing the action or proceeding in whole, or in part, or issuing a default judgment. Fed. R. Civ. P. 37(b)(2)(A)(i)-

4

(vi); *see* Fed. R. Civ. P. 37(d)(3) (indicating that sanctions for violations of subsection (d) may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)). When assessing the appropriateness of sanctions under Rule 37(d), the United States Court of Appeals for the Fourth Circuit requires consideration of four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.,* 872 F.2d 88, 92 (4th Cir. 1989). Here, an analysis of those four factors supports an order of dismissal.

### Factor 1: Bad Faith

Iroegbu, since discharging his attorney, has simply not participated in his case. Defense counsel sent Iroegbu three letters asking him to engage in discovery, to no avail. When defense counsel was thus forced to file the present motion, the Clerk of the Court sent Iroegbu a letter explaining the stakes of the motion and providing Iroegbu instructions in how to respond, to no effect. This Court has now sent Iroegbu two separate notifications about his case, each of which explicitly warned him that his failure to respond might result in his case being dismissed with prejudice, neither of which prompted him to action. Instead, since discharging his attorney, Iroegbu's only participation in the case was to leave a voicemail with defense counsel disavowing any knowledge of or interest in the suit.

Iroegbu has thus repeatedly refused to participate in a lawsuit that he himself initiated, a refusal that amounts to bad faith. *See McFeeley v. Jackson Street Entertainment, LLC,* DKC-12-1019, 2014 WL 4182231 at *2 (D. Md. Aug. 19, 2014) ("[Plaintiff's] complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith); *Vien v. Walker*,

5

PJM-12-1796, 2014 WL 900803 at *2 (D. Md. Mar. 5, 2014) (finding bad faith where plaintiff failed to respond to repeated requests for interrogatories and production of documents and did not appear at a hearing on a motion for sanctions); *Hughley v. Leggett*, DKC-11-3100, 2013 WL 3353746 at *2 (D. Md. July 2, 2013) (finding bad faith where a plaintiff failed to respond to discovery requests "despite the defendant's effort to contact him," and continued not to respond even after "the defendant moved to dismiss and the clerk issued a Rule 12/56 letter").

### Factor 2: Amount of Prejudice

When, as a result of a plaintiff's lack of participation, there has been little to no discovery in a case, the amount of prejudice to a defendant is substantial. *See, e.g., Watkins v. Trans Union LLC*, WMN-10-838, 2010 WL 4919311 at *1 (D. Md. Nov. 29, 2010) ("The prejudice to Defendant of going forward with no discovery whatsoever from Plaintiff is readily apparent."). That is the situation here. Although Iroegbu initially provided some discovery responses, which defense counsel believed were insufficient, no other discovery has taken place. Defendants have thus yet to receive Iroegbu's medical records and have yet to depose him. Without this information, Defendants have no means adequately to prepare their case, a situation that puts them at a distinct and prejudicial disadvantage.

### Factor 3: Need for Deterrence

This court has indicated that there is a need for deterrence in cases where a party has brought the case to a significant standstill through failure to participate in discovery. *See, e.g., Hughley*, 2013 WL 3353746 at *3 ("Plaintiff's complete lack of participation in the discovery process has directly inhibited and delayed the resolution of this dispute, and there is an obvious need to deter such conduct."). Again, that is the situation here. As a result of Iroegbu's unresponsiveness, nothing other than the withdrawal of counsel has happened in this case in over

six months—since April 2014—despite defense counsel's continued efforts to move the case forward. This six-month delay is certainly a significant standstill, and, based on Iroegbu's continued unresponsiveness, it seems quite likely to continue. Such inattentiveness and delay "go to the heart of the court process and totally inhibit a just resolution of disputes," and therefore need to be deterred. *Vien*, 2014 WL 900803 at *2.

### Factor 4: Effectiveness of Less Drastic Sanctions

In cases where a plaintiff has been completely unresponsive in discovery, this court has found that any sanctions less drastic than dismissal of the case would be ineffective. *See McFeeley*, 2014 WL 4182231 at *2 ("[Plaintiff] has failed to respond to the granting of her own counsel's motion to withdraw as counsel or to the letter sent by the court, [therefore] it is clear that her behavior would not be altered by less drastic sanctions [than dismissal]"). In fact, in situations such as this one, where one party has brought the case to a halt through a failure to participate in discovery, the other relevant sanctions available under Rule 37 are a poor fit because their effectiveness depends on the lawsuit moving forward.

For example, in addition to allowing dismissal of a case, Rule 37 allows a court to "direct[ ] that ... designated facts be taken as established for purposes of the action, as the prevailing party claims," a sanction that is effective only if the case proceeds to an adjudication on the merits. Fed. R. Civ. P. 37(b)(2)(A)(i). Rule 37 also allows a court to "prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses," a solution that again contemplates that the case will move forward to an adjudication on the merits. Fed. R. Civ. P. 37(b)(2)(A)(ii).

Here, Iroegbu has stalled the case in the earliest stages of discovery, thereby preventing any development of a factual record that could be the basis for a merits determination. With the case in such an unworkable state, the only appropriate sanction is to dismiss the case.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Participate in Discovery is GRANTED. A separate Order follows.

Date: November 14, 2014

THEODORE D. CHUANG
United States District Judge

8